IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JO EL NERO: ALI,                )
                                )
        Plaintiff,               )
                                )
    v.                          )   No. 10 C 4613
                                )
VERICREST FINANCE,              )
                                )
        Defendant.               )

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Vericrest Finance f/k/a The CIT Group/Consumer Finance's (Vericrest) motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

### BACKGROUND

In April 2005, Plaintiff "Joe El Nero: Ali" (Ali) obtained a mortgage (Mortgage) from The CIT Group/Consumer Finance (CIT) for a property (Property). Ali claims that at the end of 2008, he lost his job. In January 2009, Defendant Kimberly J. Weissman (Weissman), an attorney, brought a foreclosure action (Foreclosure Action) in regards to the Mortgage on behalf of CIT. Ali contends that

he holds "Paramount title" in the Property. (Compl. 9: Par. 30). Ali further states that he "is an Ancient one of the Indigenous Aboriginal, Muurs/Moors with Ancestral Ties to these lands with all beneficial interest as Titulus . . . ." (Compl. 9: Par. 30). Ali contends that CIT "cannot own the" Property, "nor can any mortgage company own the land for they are not indigenous to the Ancestral land in the treaties of 1787 and ties to the land of 1408." (Compl. 9: Par. 33).

Ali also contends that he contacted CIT to discuss options such as forbearance, modification or refinance of the Mortgage. Ali contends that he filed for bankruptcy in May 2009 and again in January 2010 to stop the foreclosure sale. Ali also contends that CIT did not disclose certain material information during the loan process. Ali claims that CIT engaged in conversion and fraud, and breached its contractual obligations. Ali also indicates that CIT violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*, the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, General Accepted Accounting Principles (GAAP), and the Illinois Consumer Fraud and Deceptive Business Practices Act (Fraud Act), 815 ILCS 505/1 *et seq.*. Vericrest is a successor to CIT's interest in the Mortgage. Ali appears to include in his *pro se* complaint, which consists of a handwritten page

and a typed addendum, a conversion claim, a fraud claim, a breach of contract claim, a FDCPA claim, a TILA claim, a RICO claim, a RESPA claim, a claim based on a violation of GAAP, and a Fraud Act claim.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

Since Ali is proceeding *pro se*, we have liberally construed his complaint in assessing the claims that he seeks to bring in the instant action. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

I. Economic Theories, Ancestral History, and Historical Treaties

Ali premises his claims on Ali's ancestral history and historical treaties and, in part, on certain economic theories that have been rejected by courts and upon.

A. Redemptionist and Vapor Money Theories

Ali is proceeding *pro se*, and it appears that he is basing his claims, in part, on what has been referred to by courts as the redemptionist theory. Ali makes certain references in his complaint that indicate that he believes that the redemptionist theory excuses him from liability for the Mortgage. For example, Ali makes references in his complaint to a "strawman," "the 'Abrogation of the Gold Clause,'" and to his contention that "[t]here has been no money in circulation since 1933, when United State[sic] of America filed bankruptcy, which removed gold and silver from the

4

economy of our country." (Compl. 1, 8: Par. 23, 13). Under the redemptionist theory, a person has a real persona of "flesh and blood" and a fictional persona called a "strawman." *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3rd Cir. 2008); *McLaughlin v. CitiMortgage, Inc.*, 2010 WL 2377108, at *8 (D. Conn. 2010). The redemption theory further provides that the "strawman" came into being when the United States went off the gold standard and pledged the strawman of each of its citizens as collateral. *Monroe*, 536 F.3d at 203 n.4. The redemption theory also provides that when each of the United States citizens' strawman was pledged as collateral for the national debt, an exemption account was created for each citizen identified by their Social Security number. *McLaughlin*, 2010 WL 2377108, at *8. According to those that espouse the redemptionist theory, the United States government is ultimately responsible for any debt of United States citizens that have such exemption accounts. *Id.* The redemptionist theory has been repeatedly rejected by courts across the country. *Id.* at *11. We also find that there is no legal basis to support the redemptionist theory.

It also appears that Ali is also basing his claims, in part, on what has been referred to by courts as the vapor money theory. Ali makes certain references in his complaint that indicate that he believes that the vapor money theory excuses him from liability. For example, Ali alleges that CIT "fictionally created a loan" and that

they 'exchang[ed] . . . a security note, which is a promissory note into Federal Reserved [sic] notes" and that "this is like changing euro's [sic] into dollars." (Compl. 8: par. 23). Under the vapor money theory, a promissory note that a plaintiff gives to a bank is deemed to be the "equivalent of 'money' that he gave to the bank." *Demmler v. Bank One NA*, 2006 WL 640499, at *3 (S.D. Ohio 2006). Under the vapor money theory, the bank in turn merely gives the plaintiff credit, which is considered without value. *McLaughlin*, 2010 WL 2377108, at *8. The vapor money theory further provides that if the bank deposits the note in its own account without the plaintiff's permission and then lists the note on its financial ledger as an asset, the bank has, in essence, lent the plaintiff's money back to him. *Id.* Under the vapor money theory, the bank does not actually have "money" to lend and creates "money" through bookkeeping procedures. *Id.* The vapor money theory, like the redemptionist theory, has been repeatedly rejected by courts. *Id.*; *Demmler*, 2006 WL 640499, at *4. We also find that there is no legal basis to support the vapor money theory.

### B. Ancestral History and Historical Treaties

In his *pro se* complaint, Ali also makes references to his ancestral history. Ali claims for example, that he "is an Ancient one of the Indigenous Aboriginal,

Muurs/Moors with Ancestral Ties to these lands" and that he has "paramount title over anything that sits on the land." (Compl. 9: Par. 29-30). Ali also makes references to treaties such as to "original rules and treaties," the "treaties of 1787," "ties to the land of 1408," and the "Treaty of 1836 between the United States Of America And Morocco." (Compl. 9-10: Par. 30, 33). Ali has failed, however, to show that his ancestral history or any treaties provide a basis for any valid claim against Vericrest in this case.

II. RESPA Claim

Vericrest contends that Ali has not pled a valid RESPA claim. Ali alleges in his complaint in a conclusory fashion that he "requested a RESPA request from 'CIT group' on February 2, 2010 by certified mail, about all the NON-DISCLOSING." (Compl. 5: Par. 15). Ali also makes a reference in a document attached to his complaint to "12 USC Section 2605." (Compl. 13). Pursuant to 12 U.S.C. § 2605(e)(2) of RESPA, a loan servicer must respond to a qualified written request from a borrower within 60 days. *Id.* In the instant action, Ali has not identified any communication with CIT that would constitute a qualified written request. *See* 12 U.S.C. § 2605(e)(1)(B)(defining a "qualified written request"). Nor has Ali alleged sufficient facts to plausibly suggest that CIT failed to comply with the 60-day

deadline in RESPA or that CIT failed in any other way to comply with RESPA. Ali has also failed to allege facts that plausibly suggest that Ali suffered any actual damages due to CIT's alleged failure to respond to Ali's request. *See, e.g., Stanley v. Select Portfolio*, 2008 WL 2020509, at *4 (S.D. Ill. 2008)(stating that "[l]iability for non-compliance with RESPA is predicated on the plaintiff sustaining 'actual damages'")(quoting in part 12 U.S.C. § 2605(f)(1)). Therefore, we grant Vericrest's motion to dismiss the RESPA claim.

III. TILA Claim

Vericrest argues that Ali has failed to plead a valid TILA claim. Ali alleges in his complaint that CIT's lending practices were unlawful and Ali makes cursory references in his complaint to "The Truth in Lending Rate," "the TILA rate," and an "inconsistency with the TILA." (Compl. 1, 6: Par. 16). Ali also makes vague references to annual percentage rates and to a "Rescission" claim. (Compl. 2, 6: Par. 16). However, Ali fails to allege facts that explain how CIT violated TILA. In addition, based on the dates alleged in the complaint, it appears that any TILA claims would be untimely. Ali alleges that he obtained the Mortgage more than five years before filing the instant action. Ali fails to allege facts that would indicate that he brought the instant action within the one-year statute of limitations for TILA

damages claims, or the 3-year statute of repose for TILA rescission claims.  15 U.S.C.§ 1640(e); 15 U.S.C.§ 1635(f).  Therefore, we grant Vericrest's motion to dismiss the TILA claim.

IV.  FDCPA Claim

Vericrest moves to dismiss the FDCPA claim.  Ali makes cursory references in his complaint to the "Fair Debt Collection Practices Act."  (Compl. 1, 4: Par. 11).  However, Ali fails to allege any facts that would plausibly suggest a violation of the FDCPA.  In addition, although Ali appears to allege that CIT unlawfully attempted to collect the debt owed by Ali, (Compl. 13), Ali has not alleged facts that would plausibly suggest that CIT or Vericrest is a debt collector as defined under the FDCPA.  *See* 15 U.S.C. § 1692a (defining the term "debt collector"); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010)(stating that a FDCPA claim applies only to a defendant that "qualif[ies] as a 'debt collector'").  Therefore, we grant Vericrest's motion to dismiss the FDCPA claim.

V.  GAAP Claim

Vericrest moves to dismiss any claims premised on non-compliance with GAAP.  Ali alleges in his complaint that CIT failed to comply with GAAP.  (Compl.

1, 13). However, GAAP merely constitutes generally accepted accounting principles. Ali has not shown that non-compliance with GAAP is itself a legally cognizable claim. Therefore, we grant Vericrest's motion to dismiss the GAAP claim.

VI. RICO Claim

Vericrest moves to dismiss the RICO claim. Ali makes a cursory reference in his complaint to "Racketeering." (Compl. 1). However, nowhere in his complaint does Ali allege facts to plausibly suggest a violation of RICO. Therefore, we grant Vericrest's motion to dismiss the RICO claim.

VII. New Claims and Exhibits Introduced in Opposition

Defendants object to new causes of action, exhibits, and allegations that Ali introduces within his opposition and memorandum in support of his opposition to the instant motion. Ali presents new allegations in his opposition to the instant motion indicating that he is intending to bring claims for forgery, mail fraud, wire fraud, and "for a list of other crimes." (Ans. 1-2)(Ans. Mem. 1, 7). Ali also presents allegations in his opposition to the instant motion indicating that he is intending to bring claims for violations of the National Housing Act, 12 U.S.C. § 1701 *et seq.*,

(Ans. Mem. 7, 13), violations of The Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §§ 1602(aa), 1610, 1639, and 1640, (Ans. Mem. 17), and violations of the National Bank Act, 12 U.S.C. § 21 *et seq.* (Ans. Mem. 11). Ali also includes various defenses, such as lack of standing and unclean hands, in his opposition to the instant motion. In addition, Ali presents new allegations to support the causes of action that he included in his original complaint, such as allegations relating to his TILA claim. (Ans. Mem. 11). Such newly presented causes of action, defenses, and allegations are improperly included in the opposition to the instant motion and are therefore stricken. Ali filed his complaint in this action, and Vericrest moved to dismiss this action based on the allegations in the complaint. Ali must respond to Vericrest's motion to dismiss and cannot add additional causes of action and allegations to the pleadings in his response brief. Ali also attaches to his opposition to the instant motion extensive exhibits containing materials that are outside the pleadings. For the purposes of the instant motion, the court is limited to considering the pleadings, and we decline to convert the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). Finally, even if we were to consider the new allegations included in the opposition to the instant motion, Ali has failed to state any valid federal claim. We also note that on October 20, 2010, Ali filed an additional collection of miscellaneous documents. Nothing in the October 20, 2010, filing

would warrant a different ruling in regard to the instant motion.

## VIII.  Remaining State Law Claims

Having resolved the federal claims in this case, we must determine whether to continue to exercise supplemental jurisdiction over the remaining state claims.  Ali does not present facts that would suggest that this court has diversity subject matter jurisdiction in this case.  Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.  *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts).  The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ."  *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).  The Seventh Circuit has stated that, in exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ."  *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).  We have considered all of the pertinent factors and, as a matter of discretion, we decline to exercise supplemental jurisdiction over the

12

remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Vericrest's motion to dismiss the RESPA claim, the TILA claim, the FDCPA claim, the GAAP claim, and the RICO claim. We also dismiss the remaining state law claims without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 25, 2010